UNITED STATES *v.* WILLIAMS and another.

*(District Court, E. D. Wisconsin.* 1882.)

CRIMINAL LAW—USING PLATES WITHOUT AUTHORITY—FRAUDULENT SECURITIES.
The defendants were convicted, under section 5430, of the Revised Statutes, of the offense of having in their possession an instrument engraved and printed after the similitude of an obligation issued under the authority of the United States, with intent to sell or otherwise use the same. The alleged fraudulent instrument, though in the similitude of a United States bond, was not, nor did it purport to be, executed, or signed. The court, in granting a new trial, *held* that the words of the statute, "any obligation or other security," must be construed to mean an executed instrument, or one which on its face purports to be executed, and that it appearing that the alleged fraudulent obligation or security is not an obligation or security at all, within the meaning of the statute, a conviction cannot be sustained, though the paper, in its body and general form, be made after the similitude of a United States bond. It is for the court to determine whether the case made is within the statute.

*G. W. Hazelton,* for the United States.

*N. S. Murphey,* for defendants.

DYER, D. J., The defendants have been convicted, under section 5430 of the Revised Statutes, of the offense of having in their possession an obligation engraved and printed after the similitude of an obligation issued under the authority of the United States, with intent to sell or otherwise use the same. A motion for a new trial has been argued and is now to be decided. It was shown on the trial,

by the testimony of a bank expert, that the instrument which the defendants had in their possession and attempted to exchange for money resembles in color, style of printing and engraving, and in general appearance, a 5-20 government bond. The same witness testified that in form and size it differs from a genuine government bond, and, in fact, examination of the instrument shows that it purports to be, not an obligation of the United States, but an obligation of the United States Silver Mining Company, of Denver City, Colorado, by which that company acknowledges itself to be indebted to the bearer in the sum of $1,000, payable at the American Exchange National Bank, in the city of New York, March 1, 1890, with interest at 7 per cent. On the face of the instrument is printed in large gilt letters the word "Gold," and interest coupons, payable semi-annually, are annexed. At the foot of the bond and of each coupon are printed the words "Prest." and "Secy.," with spaces left before each of those words for signatures; but no signatures are written or printed in the spaces thus left for the purpose, so that on the face of the paper it appears to be an unexecuted instrument.

On the trial the court held that to constitute the offense declared in the statute referred to, it was not essential that the fraudulent or fictitious obligation should in terms purport to be an obligation of the United States. And following the ruling, as here produced in manuscript, of Judge CALDWELL, of the eastern district of Arkansas, in *U. S.* v. *Wilson,* understood to be unreported, the court charged the jury that "to constitute an offense under the statute it is not necessary that the similitude between the false and the true security should be such as to deceive experts, bank officers, or cautious men. It is sufficient if the alleged fraudulent bond bears such a likeness or resemblance to any of the genuine bonds of the United States as to be calculated to deceive an honest, sensible, and unsuspecting man, of ordinary observation and care, dealing with a man supposed to be honest. If it does, then the similitude required by law to make out the offense exists."

The court further charged the jury that where the similitude is of the character stated, the offense is not disproved by showing that the alleged fraudulent bond bears no signature, or that careful examination discloses that it does not purport to be a bond of the United States, but that on the contrary it purports to be a bond issued by some mining company. There was clearly no error in holding that to constitute the offense it is not essential that the fraudulent bond or instrument should on its face purport to be an obligation of the

United States. The language of the clause in section 5430, upon which the indictment is based, is that every person "who has in his possession or custody, except under authority from the secretary of the treasury or other proper officer, *any* obligation or other security engraved and printed after the similitude of any obligation or other security issued under the authority of the United States, with intent to sell or otherwise use the same," shall be punished, etc. The object of this statute evidently was to make it unlawful for any person to have in his possession, without proper authority, and with intent to sell or otherwise use the same, any obligation or security, whether purporting to be, but not, in fact, issued under the authority of the United States, or purporting to be, or, in fact, made or issued by any individual or any public or private corporation, engraved and printed after the similitude of a genuine obligation or security of the United States. No other construction of the statute is consistent with its language and evident meaning.

The serious question involved in the case at bar is, must not the instrument claimed to be made after the similitude of a government obligation or security, be in fact, or purport to be, an executed obligation or security, to make a case within the statute? Of course, the defendants cannot be prosecuted in this court on the ground that they are confidence men, or that they have attempted to perpetrate a fraud. Their prosecution must proceed wholly under this statute, and their conviction must rest wholly upon proof of the charge that they unlawfully had in their possession an *obligation* made after the similitude of an obligation of the United States. As we have seen, the words of the statute are that every person who has in his possession "any *obligation or other security*," etc. The words "obligation or other security," as here used, seem clearly to imply an executed instrument, or at least one which on its face purports to be executed by somebody. In the case in hand, the false or bogus bond bears no signatures whatever. It is a mere blank, so far as signatures or execution are concerned. Can it, then, be said to be *an obligation or security*, or to be even a pretended obligation or security? True, it is a paper made after the similitude of a United States bond, but it is unexecuted, unsigned by anybody; in that regard, as just observed, it is a blank, and there is not on its face even a pretense of execution by any person or corporation. The statute was aimed at the issue or execution, whether real or pretended, of obligations or securities made after the similitude of the obligations or securities of the United States; and I am constrained to believe that what

is meant by the language of the section referred to, is an instrument that is either in fact executed or purports to be executed by somebody. Otherwise, it is not and does not purport to be an obligation.

Very forcible argument was made by the learned district attorney that the instrument in question, though bearing no signatures, may be as effectually used for the purposes of deception and fraud as in case it purported to be executed or signed. This may be so; but, after all, the court cannot supply omissions in the statute, but must accept and construe the statute as we find it; and if the case in hand does not come within the letter and meaning of the statute, it is the duty of the court so to decide. The instrument in evidence is not an obligation or other security, and does not purport to be such, because it was never executed or signed by anybody, and therefore it is not such an instrument as the statute covers. In that respect it is no more than a blank piece of paper.

It was also argued by the district attorney that the fact that the instrument in evidence was not signed or executed should be treated by the court as merely a fact entering into the principal question of similitude to be submitted to the jury; and as the jury have found that the alleged similitude exists, notwithstanding the absence of such signatures as would make the instrument either an actual or pretended obligation, the court cannot disturb the verdict. In other words, the contention is that the non-execution of the instrument or paper is merely a fact bearing upon the question of similitude, and that it is the province of the jury alone to say, in the light of all the facts, whether the alleged similitude exists or not. This was the view to which the court was inclined when the question first arose; and in support of the proposition thus stated, counsel have cited *U. S.* v. *Morrow*, 4 Wash. C. C. 733. That case, however, only holds that in a case of forged coins the question of resemblance or similitude is one for the jury, and this no one will dispute. But when a statute, as in the present case, declares, in effect, that the false instrument must be an *obligation* or *security*, it cannot be that because the question of similitude is one for the jury, the court is not to determine whether the case made is within the statute. Whether the instrument is an *obligation* or not is a question as to its legal effect. That is a question for the court, and if it is apparent that the alleged fraudulent obligation or security is not an obligation or security at all, within the meaning of the statute, it must follow that a conviction cannot be sustained, although the jury have determined that the

paper in evidence, in its body, and general form and style, is made after the similitude of a United States bond.

The case of *People* v. *Ah Sam*, 41 Cal. 645, was referred to on the argument, but it is inapplicable to the case at bar. In that case the defendant was indicted for having in his possession blank and unfinished bank bills, in the form and similitude of a bill for the payment of money, with intent to fill up and complete the same; and the statute under which the indictment was found declared it to be an offense to have in possession blanks having the form or similitude of bills for the payment of money, etc.

On the whole, my opinion is that the conviction of the defendants cannot be sustained. They undoubtedly attempted to commit a gross fraud; but the statutory offense of which this court has jurisdiction, is not established. The difficulty in the way of maintaining a conviction is attributable to a defect in the statute, and that defect congress alone can remedy. Motion for new trial granted.