UNITED STATES *v.* ABRAMS.

*(Circuit Court, S. D. New York. December 18, 1883.)*

COUNTERFEITING UNITED STATES COIN—REV. ST. § 5457—COIN CALCULATED TO DECEIVE—FURTHER ACT TO BE DONE TO PERFECT SPURIOUS COIN.

A party who has made false coins with intent to circulate them, and has carried the manufacture so far as to produce coins capable of being uttered as genuine coins, may be convicted of the offense described in Rev. St. § 5457, notwithstanding he intended to coat such coins with silver before putting them in circulation.

Before WALLACE, BENEDICT, and BROWN, JJ.

*B. B. Foster*, for the United States.

*B. F. Tracy*, for accused.

BENEDICT, J. The prisoner was indicted under section 5457 for falsely making coins in the resemblance and similitude of a coin coined at the mint of the United States known as the trade dollar. At the trial it was shown that the accused made certain coins composed of tin and antimony, resembling in shape and design the trade dollar. There was also testimony showing that the accused intended to coat these coins with silver before putting them in circulation. The jury was charged that no conviction could be had unless the coins put in evidence were found to bear such a resemblance to the genuine trade dollar as to render them capable of being used to deceive a person of ordinary intelligence; and that the prisoner could be convicted if the jury found that he made the coins with intent to circulate them, and had carried the manufacture so far as to produce coins capable of being uttered as genuine trade dollars, notwithstanding there was evidence that he intended to coat the coins with silver before putting them in circulation. The charge was correct. It is true that, in one sense, the coins were unfinished; that is to say, they were not finished as the prisoner intended to finish them. But in another and a truer sense they were finished, for they were capable of being put in circulation as genuine coin. So the jury have found. The ingredients of the offense created by the statute are an act and an intent. The act is making a false coin capable of being circulated as genuine. The intent is an intent to defraud. The jury found both act and intent proved,—and properly, for the character of what the defendant did when he made the coins was in no sense modified by proving his intent to carry the manufacture of the coins a further stage in order to make their resemblance to the genuine more complete. Whatever he may have intended to do in the future, when the accused made coins so like the genuine trade dollar as to be capable of deceiving persons of ordinary intelligence, he did the act described in the statute; and, having done that with intent to defraud, he committed the offense charged.

Motion for new trial denied.