Paul, District Judge.
The indictment in this case is under the following provision of section 5430 of the Revised Statutes of the United States:
“Every person * a * who has in his possession or custody, except under authority from the secretary of the treasury or other proper officer, any obligation or other security engraved and printed after the similitude of any obligation or other security issued under the authority of the United States, with intent to sell or otherwise use the same, * * * shall be punished ;[in the manner prescribed in the statute.]”*
The evidence before the court, at present, shows that the note or obligation which the defendant is charged with having had in his pos *121 session, with intent to sell or otherwise use the same, was a note issued by a regularly chartered state bank, but which at the time defendant is alleged to have had in his possession the note in question was utterly insolvent and its notes worthless. The question presented to the court for its decision is, is the having in possession, without authority from the secretary of the treasury or other proper officer, with intent to sell or otherwise use, the notes of a broken bank, the said notes being worthless, but being engraved and printed after the similitude of a United Stales treasury or national bank note, a violation of the provision of the statute cited? The object of the provision of the statute under which this indictment is framed is manifestly to preserve the integrity of the national treasury and bank note currency, and to prevent the imposition on the public of worthless notes or obligations of any kind purporting to be the genuine obligations of the United States. It seems to the •court that the fact that the note in question was originally issued by a duly-authorized bank, and that it was a legal note at the time of its issuance, does not, after it has become utterly worthless by the insolvency of the bank, exempt the holder of it from prosecution, if he has it in possession with intent to sell or otherwise use and pass it as a genuine note ■or obligation of the United States. The possession of such a note or obligation, with intent to sell or otherwise use it, falls within the mischief intended to be prevented by the statute. “To constitute the offense, it is not essential that the fraudulent note or obligation should on its face purport to be an obligation of the United States.” U. S. v. Williams, 14 Fed. Rep. 551. The question as to the similitude of the note alleged to have been passed by the defendant to the treasury or national bank notes or other obligations of the United States is a question to be determined by the jury, as are also the facts as to whether the defendant had the note in question in his possession with intent to sell or otherwise use the same, and as to whether he knew at the time that said note was worthless.
Verdict., “Not guilty.”