UNITED STATES v. FITZGERALD.

(District Court, D. Washington, N. D.    December 23, 1898.)

</div>

COUNTERFEITING — IMITATION OF GOVERNMENT SECURITIES — POSSESSION WITH
INTENT TO USE—ELEMENTS OF OFFENSE.
   To justify a conviction under the provision of Rev. St. U. S. § 5430, which
   makes it an offense for any person to have in his possession or custody,
   except under authority of a proper officer of the government, any obliga-
   tion or other security engraved and printed after the similitude of any ob-
   ligation or other security issued under the authority of the United States,
   with intent to sell or otherwise use the same, it must be proved:    First,
   that the paper in question is one evidencing an obligation of some person
   or corporation, or an interest in property, which would be regarded as a
   security; second, that it is engraved and printed after the similitude of
   some government obligation or security in such degree that it could be
   used to deceive a person of ordinary intelligence, acting with ordinary care,
   in a business transaction,—which resemblance is to be determined from a
   consideration of the paper as an entirety; third, that defendant had such
   paper in his possession or custody without the required authority, and with
   an intent to use it, by a sale or in some other way, to make a profit out
   of it.

This was a prosecution by the United States of John Fitzgerald
under the provisions of Rev. St. U. S. § 5430.

There was found in the defendant's possession a paper purporting to be a
certificate for 100 shares of the capital stock of the Denver Mining Company,
of the par value of $1,000.    Said certificate, as to its size, quality of paper,
and style of printing, resembles a United States bond for the sum of $1,000,
and upon the face of it there are printed above the purported certificate, the
following words and figures:

"$1,000.                                                         $1,000.
                              "The
                       "UNITED STATES
              "Number     $1,000     Letter
                               A.
              "ONE THOUSAND DOLLARS."

The paper also has a heavy green border and scroll work resembling some-
what the ornamentation of United States bonds.    The matter having been
brought to the attention of an officer of the secret service bureau of the United
States, and having been by him referred to the chief officer of said bureau,
instructions were sent from Washington to prosecute the defendant upon a
criminal charge for having in his possession, without authority from the sec-
retary of the treasury, or any officer of the United States, an obligation or
other security engraved and printed after the similitude of an obligation or
other seecurity issued under the authority of the United States, with intent
to sell or otherwise use the same, in violation of section 5430, Rev. St. U. S.
It was deemed to be proper for the government to prosecute, for the reason
that it is within the knowledge of the officers of the secret service bureau
that bogus certificates similar in style and design to this one are frequently
used as instruments for swindling.    A true bill of indictment under said sec-
tion of the statute was brought in by the grand jury against the defendant,
who, upon being arraigned, entered a plea of not guilty, and the case was tried
before the court and a jury, resulting in a verdict of not guilty.    In sub-
mitting the case to the jury the court gave instructions orally.

Wilson R. Gay, for the United States.
John F. Dore, for defendant.

HANFORD, District Judge (orally charging jury).    This case will
be submitted to you for your decision as to the general question of

whether the defendant is guilty or not guilty of the offense charged against him in the indictment. In deciding this question you will determine first, from the evidence, what the facts are, and then apply the facts as you find them to the law as given you by the court, and in that way reach a conclusion.

This indictment is founded upon section 5430 of the Revised Statutes of the United States, which provides, among other things, "that any person who has in his possession or custody, except under authority from the secretary of the treasury or other proper officer any obligation or other security engraved and printed after the similitude of any obligation or other security issued under the authority of the United States, with intent to sell or otherwise use the same," shall be guilty of an offense, and be punished as the statute provides. Under that law it is an offense for a person to have possession of an obligation or security, unless he is acting under authority of the government, if that obligation or security is printed or engraved in the similitude or likeness of any of the government's obligations or securities, provided his possession is with intent to sell it, or to make any other use of it. Now, you will understand from this statement that it makes no difference how the person came into possession. Whether he made or bought it or found it makes no difference. If it is a guilty thing,—a thing that is prohibited by law,—and he has it in his possession, and retains it, with the intent to make use of it, it is a violation of this statute. The intent must be a criminal intent. An intent to sell it, or to make some profitable use of it, so as to make a profit to himself out of it, is the kind of an intent that is necessary as an element of the crime to justify a conviction. To warrant a conviction in this case, it must be found by this jury from the evidence that this piece of paper introduced in evidence is some sort of an obligation or security,—that is, a paper evidencing an obligation of some person or corporation, or evidencing an interest in property which would be regarded as a security,—something that secures a right of some value, and that it is printed or engraved in the similitude of some obligation of the government of the United States. Now, right here is a vital point in this case, which the jury must carefully consider. This paper will be given to you to take to your jury room, and it is for you to determine the question, as a question of fact, whether or not the printing or the engraving on that paper is in the similitude of any government obligation or government security. If you find it to be so,—if that is your best judgment, and the unanimous verdict of the jury,—then one of the important facts in the case will be determined against the defendant. If it does not appear to you that it is in the similitude of any government obligation or security, that fact will be determined in favor of the defendant; and, if you decide this point in favor of the defendant, you must acquit him without going further.

Now, the similitude must be in such a degree as to furnish a resemblance so near to the government obligations or securities that it could be used to deceive a person of ordinary intelligence, who is acting with ordinary care, in a business transaction. The resemblance is sufficient for the purpose if you believe that it would probably deceive a person taken unawares, in dealing with a person whom he believed

was acting honestly. If it could be so used against a person of that kind, when unsuspecting or unwary, as to deceive him, and be effectual to commit a fraud, then it would be in the similitude as intended by this statute. Of course, the government claims no exclusive right to each and all of the details of its printing or engraving. As to the use of the words "United States," or the green border, or any of the words singly or by themselves, the government does not claim an exclusive right to the use; but the paper is to be considered as an entirety, and if there is such imitation on the face of the paper, when you consider the kind of paper, the size, and the color, and the general style of it, that you can say that that paper is in the similitude of a security or obligation of the United States, and so well executed as to deceive an intelligent person in a business transaction, then it is sufficiently in the similitude of a government obligation to warrant you in finding that fact against the defendant in this case; otherwise not. You are to consider the paper as an entirety. If you determine that one fact against the defendant, then, before you can convict him, you must also determine from the evidence whether or not his possession was coupled with a guilty intent, such as I have already described to you, —an intent to make a use of it by sale or in some other way, to make a profit out of it. If you determine that fact also against the defendant, then you are warranted in returning a verdict of guilty as charged in the indictment; but, if not, if you find that this paper is in the similitude of a government obligation or security, you must acquit the defendant, unless you find that he had the guilty intent that I have spoken of. You are the exclusive judges of every question of fact in the case, and you are to decide what the facts are by consideration of the evidence, giving to the evidence as a whole, and to every part of it, due consideration. The law presumes innocence in favor of every defendant, and to overcome that presumption it is necessary for the government to prove that the defendant is guilty by evidence sufficient to convince the jury beyond a reasonable doubt. A reasonable doubt is an actual doubt that you are conscious of after giving the testimony a candid consideration, and such a doubt as a reasonable person would give heed to; such a doubt as would cause you to hesitate in a matter of like importance in your own affairs, where you are acting carefully and conscientiously. If you have that kind of a doubt, after giving this evidence full consideration, it is your duty to acquit the defendant, even though you should believe that there is a preponderance of the evidence against him.