## UNITED STATES v. PITTS.

### (District Court, N. D. California. December 31, 1901.)

### No. 3,965.

COUNTERFEITING—SIMILITUDE—WORTHLESS BANK BILLS.

An indictment under Rev. St. § 5430, charging the defendant with having in his possession without authority, and with intent to sell or use the same to defraud, a security or obligation engraved and printed after the similitude of a security or obligation of the United States, does not state an offense where it shows on its face that the instrument on which it is based purports to be a note or bill issued by a bank, and not an obligation or security of the United States.

Criminal Prosecution. On demurrer to indictment.

The indictment in this case charged the defendant with a violation of section 5430 of the Revised Statutes of the United States, in this: that at the time and place therein stated he "unlawfully, knowingly, and feloniously" did "have in his possession and custody, without the authority of the secre-

tary of the treasury of the United States, or any proper officer thereof, a certain obligation and security engraved and printed after the similitude of an obligation and security issued under the authority of the United States; which said obligation and security * * * was and is of the tenor following, to wit:

" 'One 1.                                                        One 1.

" 'The State Bank at New Brunswick will pay One Dollar to
   bearer on demand.                New Brunswick.

" 'No. 4,297 D.                                              May, 1886.

" 'State of New Jersey.

" 'One.                                                          One.

" 'M. Cunington, Cashr.                              M. J. Howe, Prest.' "

The indictment further charged that the defendant well knew that said obligation was not a lawful and genuine obligation of the United States, and, knowing that the same was engraved and printed after the similitude of such an obligation, intended to sell and otherwise use the said obligation to defraud some person or persons to the grand jurors unknown.

E. J. Banning, Asst. U. S. Atty.
Lindsey & Netherton, for defendant.

DE HAVEN, District Judge (after stating the facts). The demurrer to the indictment will be sustained, upon the authority of U. S. v. Barrett (D. C.) 111 Fed. 369, and U. S. v. Connors, Id. 734. The exhaustive opinion of Judge Amidon in the first of these cases renders unnecessary further discussion of the question here presented; and the language of Judge Bellinger in U. S. v. Connors may well be repeated as entirely applicable to the present indictment:

"The bills described in this indictment are not in the similitude of any obligations issued by the United States, and the statement in the indictment that they are so does not countervail the facts alleged, which show the contrary. These bills are described as notes and obligations issued by the State Bank of New Brunswick, in the state of New Jersey. They do not purport on their face to be obligations of the United States, but something altogether different."