UNITED STATES v. WEBER.

(District Court, W. D. Washington, N. D.   January 17, 1913.)

No. 2385.

1. COUNTERFEITING (§ 4*)—OBLIGATIONS USED UNDER AUTHORITY OF UNITED STATES—ELEMENTS OF OFFENSE—STATUTES—CONSTRUCTION.
    Cr. Code § 150 (Act March 4, 1909, c. 321, 35 Stat. 1116 [U. S. Comp. St. Supp. 1911, p. 1633]), provides that whoever shall have in his possession or custody, except on authority from the Secretary of the Treasury or other proper officer, any obligation or other security made or executed in whole or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in part after the similitude of any obligation or other security issued under the authority of the United States with intent to sell or otherwise use the same, shall be fined, etc. *Held*, that it was not a necessary element of such offense that the fraudulent obligation or security should purport on its face to be an obligation or security issued under the authority of the United States, nor that the similarity or resemblance should be so great as to deceive experts, bank officers, or cautious men, but it was sufficient if the fraudulent obligation bore such a likeness or resemblance to any of the genuine obligations or securities issued under the authority of the United States as was calculated to deceive an honest, sensible, and unsuspecting person of ordinary observation and care when dealing with a person supposed to be honest.

[Ed. Note.—For other cases, see Counterfeiting, Cent. Dig. §§ 9, 10; Dec. Dig. § 4.*]

2. COUNTERFEITING (§ 19*)—SIMILITUDE OF GENUINE OBLIGATIONS—QUESTION FOR JURY.

In a prosecution for having in possession fraudulent security or obligation, made in whole or in part after similitude of an obligation issued under the authority of the United States in violation of Cr. Code, § 150 (Act March 4, 1909, c. 321, 35 Stat. 1116 [U. S. Comp. St. Supp. 1911, p. 1633]), whether such a similarity or resemblance exists between the fraudulent obligation and a genuine one as would be calculated to deceive an honest, sensible person of ordinary observation and care is ordinarily a question of fact for the jury.

[Ed. Note.—For other cases, see Counterfeiting, Cent. Dig. §§ 46–49; Dec. Dig. § 19.*]

3. COUNTERFEITING (§ 16*)—FALSE INSTRUMENTS—SIMILITUDE OF OBLIGATION ISSUED UNDER AUTHORITY OF UNITED STATES—INDICTMENT.

In a prosecution for having in possession an obligation executed in whole or in part after the similitude of an obligation issued under authority of the United States with intent to sell or otherwise use the same, etc., in violation of Cr. Code, § 150 (Act March 4, 1909, c. 321, 35 Stat. 1116 [U. S. Comp. St. Supp. 1911, p. 1633]), the indictment charged that defendant had in possession, with intent to use and defraud H. and others, a certain obligation made in part after the similitude of an obligation issued under authority of the United States, such obligation being made by fastening together, back to back, two notes, one purporting to have been issued by the Bank of the Empire State, and the other by the Bank of Howardsville, each of the denomination of $10. The indictment then set forth the printed matter on each side of the note or obligation, and charged that in form, color, size, and in manner and style of display and printing and engraving, and in general appearance, the obligation was made, and intended to be made, after the similitude of an obligation issued under the authority of the United States, to wit, a United States treasury note of the denomination of $10. *Held*, that from the description of the instrument as so alleged, it did not appear as a matter of law that the requisite resemblance and similitude did not exist so as to render the indictment demurrable.

[Ed. Note.—For other cases, see Counterfeiting, Cent. Dig. §§ 23–37; Dec. Dig. § 16.*]

James C. Weber was indicted for having in possession an obligation, after the similitude of an obligation or security issued under authority of the United States, with intent to sell and use the same. On demurrer to indictment. Overruled.

B. W. Coiner, U. S. Atty., of Tacoma, Wash.
Hammond & Hammond, of Seattle, Wash., for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RUDKIN, District Judge. The indictment in this case was returned under section 150 of the Criminal Code of March 4, 1909, which provides, in part, as follows:

"Whoever shall have in his possession or custody, except under authority from the Secretary of the Treasury or other proper officer, any obligation or other security made or executed, in whole or in part, after the similitude of any obligation or other security issued under the authority of the United States, with intent to sell or otherwise use the same" shall be fined and imprisoned, etc.

The indictment charges, in substance, that on the 12th day of October, 1912, within the Northern Division of the Western District of Washington, the defendant Weber knowingly and feloniously had in his possession, with intent to use the same and thereby defraud one Hibros, and other persons to the grand jurors unknown, such possession not being under authority from the Secretary of the Treasury, or other proper officer, a certain obligation made in part after the similitude of an obligation issued under the authority of the United States, said obligation being then and there made by attaching and fastening together, back to back, two notes, one purporting to have been issued by the Bank of the Empire State, and the other by the Bank of Howardsville, each of the denomination of $10; said notes being so fastened together by the use of paste and other substances and means to the grand jurors unknown. The indictment then sets forth the printed matter on each side of the note or obligation, and charges that in form, color, size, and in manner and style of display and printing and engraving, and in general appearance the obligation was made, and intended to be made, after the similitude of an obligation issued under the authority of the United States, that is to say, after the similitude of a United States treasury note of the denomination of $10. To this indictment the defendant has interposed a demurrer on the ground that it appears upon the face of the indictment that the obligation therein described was not made or executed, in whole or in part, after the similitude of a United States treasury note, or any other obligation or security issued under the authority of the United States.

The authorities bearing upon this question cannot be reconciled. It was held by Judge Amidon in United States v. Barrett (D. C.) 111 Fed. 369, on motion to quash, that a confederate bill of the denomination of $50 was not engraved or printed after the similitude of an obligation or security issued under the authority of the United States. It was held by Judge Bellinger, in United States v. Conners (D. C.) 111 Fed. 734, that an obligation, purporting on its face to be a note issued by the State Bank of New Brunswick, in the state of New Jersey, was not engraved or printed after the similitude of any obligation or security issued under authority of the United States. A similar ruling was made by Judge De Haven in United States v. Pitts (D. C.) 112 Fed. 522, involving a note of the same bank. On the other hand, it was held by Judge Dyer, in United States v. Williams (D. C.) 14 Fed. 550, that it was not essential that the obligation should purport on its face to be an obligation issued under the authority of the United States. In United States v. Stevens (D. C.) 52 Fed. 120, it

was held by Judge Paul that the question whether a note purporting to be issued by the Bank of Mecklenburg, N. C., was engraved or printed after the similitude of an obligation or security issued under the authority of the United States was for the jury. In United States v. Fitzgerald (D. C.) 91 Fed. 374, Judge Hanford of this district submitted to the jury the question whether a certificate for 100 shares of the capital stock of the Denver Mining Company, of the par value of $1,000, was engraved or printed after the similitude of a United States bond for the sum of $1,000. In the recent case of United States v. Ryan, pending in this district, Judge Donworth submitted to the jury the question whether a note or bill, consisting of two state bank notes pasted together, as in this case, was made or executed, in whole or in part, after the similitude of an obligation or other security issued under the authority of the United States.

All these cases except the last arose under section 5430 of the Revised Statutes (U. S. Comp. St. 1901, p. 3671), which does not differ materially from the statute now under consideration. The former used the words, "engraved and printed after the similitude of any obligation or other security issued under the authority of the United States," while the present statute used the words, "made or executed, in whole or in part, after the similitude of any obligation or other security issued under the authority of the United States." If there is any difference between the two statutes, the provision contained in section 150 of the Criminal Code, is broader than the provision contained in section 5430 of the Revised Statutes, by reason of the use of the words, "in whole or in part."

This is not a counterfeiting statute. It is a statute to protect the obligations and securities issued under the authority of the United States, and the power of Congress to enact such a law is not questioned.

[1-3] I am further of opinion that the true rule of construction, and the rule supported by the weight of authority, is the rule adopted and followed by the judges of this district. Under that rule it is not necessary that the fraudulent obligation or security should purport on its face to be an obligation or security issued under the authority of the United States. Nor is it necessary that the similarity or resemblance should be so great as to deceive experts, bank officers, or cautious men. It is sufficient if the fraudulent obligation bear such a likeness or resemblance to any of the genuine obligations or securities issued under the authority of the United States, as is calculated to deceive an honest, sensible, and unsuspecting person of ordinary observation and care when dealing with a person supposed to be upright and honest. If the fraudulent obligation is of that character, the offense is made out, and whether such a similarity or resemblance exists is, in ordinary cases, a question of fact for the jury. It is extremely difficult to describe a treasury note or other currency on paper; and, when the written description contained in the indictment is supplemented by the charge that the fraudulent obligation is in form, color, size, and in manner and style of display, and of printing and engraving thereon and in general appearance, made, and intended to be made, after the

similitude of an obligation issued under the authority of the United States, the court is unable to say as a matter of law that the requisite resemblance or similarity does not exist

The demurrer is therefore overruled.