### CONLEY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 23, 1922.)

No. 5736.

1. **Internal revenue ⊂⇒39, 40—Whether forged stamps are similar to genuine is fundamental question in prosecution for possessing or using forged stamps.**

In a prosecution under Act March 3, 1897, §§ 1, 7 (Comp. St. §§ 6070, 6076), requiring revenue stamps on bottles of distilled spirits, and making it an offense with intent to defraud to use or have in possession forged or counterfeited stamps, the question whether or not the stamps in possession of accused, or used by him, were of sufficient similitude to the genuine stamps to constitute the offense is fundamental.

2. **Internal revenue ⊂⇒47—Whether forged revenue stamps were similar to genuine was properly submitted to the jury.**

The determination of the question whether the forged revenue stamps which accused was charged with using or possessing were sufficiently similar to the genuine to sustain the charge was properly submitted to the jury, and not decided by the court, and in the absence from the record of the charge given it will be assumed that it was submitted by correct instructions.

In Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Dewey Conley was convicted of having in possession forged and counterfeited internal revenue stamps, and of using such stamps with intent to defraud, and he brings error. Affirmed.

Samuel A. King, of Salt Lake City, Utah, M. P. Braffet, of Price, Utah, and Russell G. Schulder, of Salt Lake City, Utah, for plaintiff in error.

Charles M. Morris, U. S. Atty., of Salt Lake City, Utah, and David H. Cannon, Asst. U. S. Atty., of Price, Utah.

Before LEWIS and KENYON, Circuit Judges, and YOUMANS, District Judge.

KENYON, Circuit Judge. Plaintiff in error was convicted in the District Court of the United States for the District of Utah upon both counts of an indictment, the first charging him with willfully and unlawfully on or about September 5, 1919, having in his possession certain forged, false, and counterfeit internal revenue stamps, being in the resemblance and similitude to the true and genuine revenue stamps of the United States which had theretofore been made and used by the Internal Revenue Department pursuant to the provisions of the Act of March 3, 1897, chapter 379, section 1, the same to be used as adhesive strip stamps over the mouths of bottles when filled with distilled spirits in distillery warehouses.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The second count of said indictment charged him with, on or about September 5, 1919, willfully and feloniously using certain false, forged, and counterfeit internal revenue stamps, the same being in the resemblance and similitude of the true and genuine revenue stamps of the United States which had theretofore been made and used by the Internal Revenue Department pursuant to the provisions of the Act of March 3, 1897, chapter 379, section 1, said stamps to be placed over the mouths of bottles when filled with distilled spirits in distillery warehouses, and that said plaintiff in error did use the stamps by placing the same over the mouths of bottles containing colored water, which said bottles he passed and sold as whisky, and that the same were passed with the intent to defraud divers persons to the grand jurors unknown.

Plaintiff in error was found guilty on both counts of the indictment, and the case is before this court upon writ of error. The record is not in satisfactory condition for a review of the case. Neither the exhibits, the requested instructions of plaintiff in error, nor the portions of the court's charge to the jury objected to are before us. It is doubtful if a proper bill of exceptions has been filed. However, we disregard the technical objections to the bill of exceptions, and consider the case upon the assignments of error.

The Act of March 3, 1897, chapter 379, 29 Statutes at Large, 626 (section 6070, U. S. Compiled Statutes 1918), under which this indictment is found, in part reads as follows:

"Section 1. *Bottling of Spirits in Bond.* * * * And there shall be plainly burned on the side of each case, to be known as the government side, the proof of the spirits, the registered distillery number, the state and district in which the distillery is located, the real name of the actual bona fide distiller, the year and distilling season, whether spring or fall, of original inspection or entry into bond, and the date of bottling, and the same wording shall be placed upon the adhesive engraved strip stamp over the mouth of the bottle. It being understood that the spring season shall include the months from January to July, and the fall season the months from July to January. And no trade-marks shall be put upon any bottle unless the real name of the actual bona fide distiller shall also be placed conspicuously on said bottle."

Section 7 of the same act (Compiled Statutes 1918, § 6076), is as follows:

"*Forging Stamps.* Every person who, with intent to defraud, falsely makes, forges, alters, or counterfeits any stamp made or used under any provision of this act, or who uses, sells, or has in his possession any such forged, altered, or counterfeited stamp, or any plate or die used or which may be used in the manufacture thereof, or who shall make, use, sell, or have in his possession any paper in imitation of the paper used in the manufacture of any stamp required by this act, shall on conviction be punished by a fine not exceeding one thousand dollars, and by imprisonment and hard labor not exceeding five years."

[1] The elements of the crime charged under the first count are having the alleged counterfeit stamps in his possession and the intent to defraud by the use thereof. Under the second count the elements are the intent to defraud and the knowingly and unlawfully using the alleged counterfeit stamps. Under both counts the question of whether or not the stamps in possession of plaintiff in error and used are of

sufficient similitude to the genuine government stamps required under the section quoted, is fundamental; and the only question presented to us in the assignments of error, and so agreed by both parties in their briefs, is whether or not the alleged stamps which the evidence shows were in the possession of plaintiff in error and were used by him, are such counterfeits of the genuine revenue stamps provided for under section 1 of the Act of March 3, 1897, chapter 379, 29 Statutes at Large, 626, as would constitute an offense against the laws of the United States as charged in the indictment, and also the proposition advanced by plaintiff in error that such question was one of law for the court and not a question of fact for the jury.

Counsel for plaintiff in error in their brief draw attention to many authorities under section 5430 of the Revised Statutes (Comp. St. § 10320). Under this section the courts rather generally hold that the similitude must be such as to make the spurious instrument one calculated to deceive a person in dealing with another whom he believes is acting honestly. United States v. Kuhl (D. C.) 85 Fed. 624; United States v. Fitzgerald (D. C.) 91 Fed. 374; Leib v. Halligan et al., 236 Fed. 82, 149 C. C. A. 292. Some light can be secured from such cases, although it must be borne in mind that section 5430 of the Revised Statutes is not a statute against forgery and counterfeiting. Intent to defraud is not there an element in the crime, but said section refers to obligations made in the similitude of government obligations, and is to protect the same. The section under which this indictment is brought is a section against forgery and counterfeiting.

While the instructions of the court are not before us, it is apparent from the assignments of error that the rule as to similitude, as laid down in the cases relating to counterfeiting, was followed apparently without objection from either side, and not the rule set forth by the courts in decisions under section 5430, Revised Statutes. The second, third, and fifth assignments of error all refer to the claim that the alleged counterfeit or forged revenue stamps were not in such resemblance or similitude to the genuine revenue stamps of the government as would deceive a person of ordinary intelligence, exercising that degree of care which he would exercise in an ordinary business transaction. This is the general rule established by an abundance of authority in the cases brought under the statutes prohibiting counterfeiting. The difference between this rule and that under section 5430, Revised Statutes is really in the degree of care required. In United States v. Hopkins (D. C.) 26 Fed. 443, it is said:

"A counterfeit coin is one made in imitation of some genuine coin. It is not necessary that the resemblance should be exact in all respects. The resemblance is sufficient if the coins are so far alike that the counterfeit coin is calculated to deceive a person exercising ordinary caution and observation in the usual transactions of business, though the counterfeit would not deceive a person who was expert or has particular experience in such matters."

In United States v. Beebe (D. C.) 149 Fed. 618, 619, speaking of the counterfeiting of a government note, the court says:

" * * * But there must at least be such a resemblance, if not simulation, as is not only calculated to deceive a person of ordinary intelligence, but as enables us to say with some degree of certainty that, in disposing of or using

it, the party charged was evidently trying to palm it off as a genuine obligation of the government."

See, also, United States v. Abrams (C. C.) 18 Fed. 823; United States v. Morrow, Fed. Cases No. 15,819; United States v. Aylward, Fed. Cases No. 14,482; Wiggains v. United States, 214 Fed. 970, 131 C. C. A. 266.

[2] This court is now asked to say as a matter of law, that the alleged counterfeit stamps had no such resemblance to the genuine stamps as to make the possession or use thereof a violation of the statute under which the indictment was found. The trial court submitted this question to the jury under, we assume, instructions covering the various phases thereof. In so doing we think there was no error. Wiggains v. United States, 214 Fed. 970, 972, 131 C. C. A. 266; United States v. Sprague et al. (D. C.) 48 Fed. 828.

The case is therefore affirmed.