Jacob Gaston WEBB and Jack Edwin Bain, Appellants,

v.

UNITED STATES of America, Appellee.

No. 12197.

United States Court of Appeals, Sixth Circuit.

Oct. 18, 1954.

Wheeler B. Boone, Lexington, Ky., Weldon Shouse, Lexington, Ky., on the brief for appellants.

Edwin R. Denney, U. S. Atty., Lexington, Ky., for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

On a trial before a court without a jury, appellants were convicted of a violation of Title 18 U.S.C.A. § 474, which, among other provisions, sets forth:

"Whoever prints, photographs, or in any other manner makes or executes any engraving, photograph, print, or impression in the likeness of any such obligation or other security, or any part thereof, or sells any such engraving, photograph, print, or impression, except to the

United States, or brings into the United States, any such engraving, photograph, print, or impression, except by direction of some proper officer of the United States; * *

"Shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both."

The appeal is based upon the claim that the district court was in error, as a matter of law, in failing to determine that appellants had not made an impression in the likeness of an obligation or other security issued under the authority of the United States.

The facts disclose that appellants were engaged in a confidence game in which they sought to swindle a third party through an alleged process for making money. It was appellants' plan to have the party furnish them with genuine Ten Dollar ($10.00) bills to the amount of Ten Thousand Dollars ($10,000.00), and that they would then pretend to make, by their process, approximately nine times as much money. In the course of their swindle, they would, of course, abscond with the genuine money. Their process consisted of coating a genuine bill with a common household disinfectant, placing it between two sheets of ordinary correspondence paper, and pressing the sheets against the bill. As a result, a considerable amount of ink from the bill would be transferred to the two sheets of paper. While appellants were engaged in demonstrating their process to the proposed victim (who had previously notified Treasury agents of the scheme), they were arrested as they completed the transferring process.

On appeal, they contend that the ink impressions of the bills transferred to the paper sheets were dimly printed, hardly legible, and in reverse; that the impression of the face of the genuine bill is on one piece of paper and the back of the bill, on the other piece; that neither is capable of deceiving any ordinarily prudent man or of being passed as currency to any person; that the sheets to which the ink was transferred do not bear the facsimile signature of the required officers of the government; and that they were not similar to genuine bills and, consequently, are not impressions in the likeness of any obligation or security issued under the authority of the United States.

Cases are cited by appellants which are based upon the possession of such unlawful impressions of obligations as are calculated to deceive a person of ordinary intelligence. But such cases apply only to prosecutions for possession of such impressions. In this case, appellants are charged, not with unlawful possession, but with making an impression of an obligation or security.

Other offenses included in the statute, such as the sale or possession of plates, stones, or other things for the making of obligations or securities of the United States, as well as the unlawful possession of such counterfeit obligations, require, according to the provisions of the statute, proof of unlawful intent. But Congress provided that the mere making of a plate or stone, or other thing in the likeness of any plate designated for the printing of such obligation or other security is a violation of the statute without proof of unlawful intent; Michener v. United States, 8 Cir., 170 F.2d 973; and it likewise provided, in the portion of the statute with which we are here concerned, that the mere making of an impression in the likeness of an obligation or security issued by the United States is a violation of the statute without proof of unlawful intent. The legislative purpose is clear that Congress intended, in protecting the currency, to tolerate no manipulation in the making of impressions of government obligations or securities, whether the copies or impressions might be good or bad, and regardless of the purpose for which they might be made. Consequently, in such a case, there being no need of proof of unlawful intent, there is no need of proof that such impressions were calculated to deceive. Whether the impressions were "in the likeness of any such

obligation or other security" of the United States was a question to be resolved by the finder of facts and in this case, it was resolved against appellants.

No error appearing on the trial, the judgment of the district court is affirmed.