**UNITED STATES of America,
Appellee,**

v.

**Calvin Eugene HUFFMAN, Appellant.**

No. 74–2185.

United States Court of Appeals,
Fourth Circuit.

Argued March 3, 1975.

Decided June 5, 1975.

Certiorari Denied Oct. 6, 1975.
See 96 S.Ct. 123.

Jack S. Rhoades, Alexandria, Va. (Howard, Stevens, Lynch, Cake & Howard, Alexandria, Va., on brief), for appellant.

John F. Kane, Asst. U. S. Atty. (David H. Hopkins, U. S. Atty., and Frederick Sinclair, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and HALL, District Judge.

PER CURIAM.

Calvin Eugene Huffman was convicted by a jury of engaging in the business of dealing in firearms without being licensed to do so, a violation of 18 U.S. C.A. § 922(a)(1) and § 924(a). We conclude that Huffman's claims on appeal are without merit and affirm.

 Huffman contends that Section 922(a)(1) is void for vagueness and that the evidence is insufficient to support his conviction. The statute proscribes dealing in firearms without a license. A dealer is "any person engaged in the business of selling firearms or ammunition at wholesale or retail . . .." 18 U.S.C.A. § 921(a)(11). "There appears to be little doubt that 'dealer' means anyone who is engaged in *any* business of selling firearms, and that 'business' is that which occupies time, attention and labor for the purpose of livelihood or profit." United States v. Gross, 451 F.2d 1355, 1357 (7th Cir. 1971) (emphasis in original); United States v. Wilkening, 485 F.2d 234, 235 (8th Cir. 1973); United States v. Day, 476 F.2d 562, 567 (6th Cir. 1973). Thus, while the Government need not prove an actual profit from sales of firearms, it must show a willingness to deal, a profit motive, and a greater degree of activity than occasional sales by a hobbyist.

 So construed, the statute is not vague as applied to Huffman. The Government proved that he engaged in more than a dozen transactions in the course of a few months. He frequently built firearms, or had them rebuilt, and exchanged them for other weapons which he subsequently sold or traded. There was also evidence that he traded large quantities of military ammunition for firearms. The jury was properly instructed to distinguish between a business and a hobby and to consider whether a profit was made. Accordingly, Huffman's conviction under the statute is not lacking in fairness, nor is it unsupported by the evidence.

 Similarly without merit is Huffman's claim that the district court erred in refusing to instruct the jury that criminal intent is an essential element of the offense.

"There is no constitutional requirement that scienter be established as an element of the crime, nor will Congress be presumed from silence to have intended to make it so when the purpose of the statute is to regulate objects or activities which in and of themselves are dangerous or harmful." United States v. Ruisi, 460 F.2d 153, 156 (2d Cir. 1972).

In this respect Huffman's contention, as Ruisi's, is that he was entitled to acquittal unless he knew his activity was unlawful and had an affirmative intention to violate the statute. Of course, he was entitled to no such instruction in this prosecution for violation of a statute regulating "activities which in and of themselves are dangerous or harmful."

Affirmed.