UNITED STATES of America,
Plaintiff-Appellee,

v.

Rodney Dale STEVENS,
Defendant-Appellant.

No. 86–5101.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 9, 1987.

Decided April 29, 1987.

Louis Dene, Abingdon, on brief for appellant.

Richard Wilcox Pierce, Asst. U.S. Atty. (John P. Alderman, U.S. Atty., Roanoke, Va., on brief) for appellee.

Before HALL and CHAPMAN, Circuit Judges, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.

SENTELLE, District Judge:

Appellant is a previously convicted felon who was in this case found guilty by a jury of six counts of unlawful possession of firearms in violation of 18 U.S.C.App. § 1202(a)(1) and two counts of unlawful receipt of firearms in violation of 18, U.S.C. § 922(h)(1). The trial court ordered the entry of judgments of acquittal as to two of the counts of unlawful possession. Then after unsealing a petition for sentence enhancement of a Dangerous Special Offender (DSO) pursuant to Title 18, U.S.C. § 3575, the court sentenced appellant to a total of 46 years imprisonment. Appellant now alleges errors affecting both the verdict and the sentence. Finding no error as to either, we affirm.

■ The record of the trial below presents a picture of appellant conducting a reign of terror in a western Virginia community which lasted for some weeks, periodically involved the use of firearms and culminated in the taking of hostages for which appellant at time of trial stood charged in state court. Appellant's first

attack on the sufficiency of that record to support the convictions before this Court argues that the evidence was simply not sufficient to convict him beyond a reasonable doubt of the offenses charged. While appellant's exhaustive argument on this subject advances many reasons why a jury could have and, in appellant's view, should have found themselves not convinced beyond a reasonable doubt, that is not the question before this Court in reviewing the sufficiency of the evidence. In each of the instances charged, there was some evidence that defendant knowingly either received or possessed the relevant firearms and that the firearm had traveled in interstate commerce. There was plenary evidence that he was a convicted felon at all relevant times. This establishes all the necessary elements for violation of § 1202, *United States v. Bruce*, 704 F.2d 1048 (8th Cir.1983), and § 922, *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), in each applicable instance. Defendant's argument as to why the jury should be unconvinced is just what it appears, a jury argument. A jury verdict will be affirmed if there is sufficient evidence viewed in the light most favorable to the government from which a rational jury could have found guilt beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Based on our review of the record, we find there was sufficient evidence to support the jury's verdict and this argument is without merit.

■ Appellant specifically attacks his conviction in Count 8 for possessing a .357 magnum in September, 1985, when Count 1, of which he was also convicted, had charged him with possessing the same firearm in July of 1985. He argues that possession of a firearm by a convicted felon for an uninterrupted period constitutes but a single violation. While this may well be a correct statement of the general proposi-

tion of law, *United States v. Jones*, 533 F.2d 1387 (6th Cir.1976) *cert. denied* 431 U.S. 964, 97 S.Ct. 2919, 53 L.Ed.2d 1059 (1977), it is not applicable to the case before this Court. The jury had before it evidence that the .357 magnum was not in the possession of defendant, even constructively, and was in the possession of a female resident of the same community at some time between the two charged possessions. The trial court properly instructed the jury on the element of possession and, for the reasons set forth above with reference to the general argument of the sufficiency of evidence, we will leave this verdict undisturbed.[1]

■ Appellant's final argument attacks his sentence under Title 18, U.S.C. § 3575(b) as being "disproportionate in severity." That statute which provides for the enhancement of sentences of recidivist felons meeting certain statutory criteria does include the mandate that "the court shall sentence the defendant to imprisonment for an appropriate term not to exceed 25 years and not disproportionate in severity to the maximum term otherwise authorized by law for such felony." Appellant seems to argue that the maximum sentence under Title 18, U.S.C. § 922(h)(1), 924(a) being five years, the additional enhancement under the DSO provision is limited to an additional five years and that any incarceration beyond that would constitute "in effect a penalty for a different crime." Appellant offers no authority for this proposition. He draws the quoted language from *United States v. Stewart*, 531 F.2d 326, 330 (6th Cir.1976) *cert. denied* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 3760. The language of the *Stewart* court was not a holding finding a sentence disproportional but was in fact dicta in an opinion dealing with the constitutionality of the DSO Act reversing a lower court's finding that the statute was invalid and remanding a

---

1. Appellant makes two other similar arguments as to the overlapping effect of paired counts of the indictment but in each instance the same reasoning applies and the same result is reached. As to all the arguments concerning the sufficiency of the evidence, we note in pass-

ing that defendant made no motion for judgment of acquittal, Rule 29, Fed.R.Crim.P., and our examination is technically limited to determining whether or not manifest injustice would occur. *Lockhart v. United States*, 183 F.2d 265 (4th Cir.1950).

defendant for enhanced sentencing under the Act.

Our circuit has already upheld the constitutionality, approved a procedure similar to that used by the court below in the case at bar, and expressly affirmed as not disproportionate a sentence four times as great as the permissible statutory maximum "otherwise authorized for the underlying felony." *United States v. Williamson,* 567 F.2d 610 (4th Cir.1977).

We are not unmindful of the fact that 18 U.S.C. § 3576 empowers this Court, and indeed obligates it, to conduct a review of sentences imposed under the DSO Act beyond the normally narrow examination of trial court sentencing discretion. *United States v. Stewart, supra* at 331. Section 3576 requires that "[r]eview of the sentence shall include review of whether the procedure employed was lawful, the findings made were clearly erroneous, or the sentencing court's discretion was abused." The Court of Appeals may, after the review mandated by the statute, "affirm the sentence, impose or direct the imposition of any sentence which a sentencing court could have originally imposed, or remand for further sentencing proceedings...." The statute further requires "the court of appeals shall state in writing the reasons for its disposition of the review of the sentence." In this case, the procedure employed below and the findings are not under attack but are totally consistent with our opinion in *United States v. Williamson, supra.* So far as the abuse of the trial court's discretion, this defendant, like the defendant in *Williamson,* has repeatedly displayed a pattern of vicious, dangerous acts of violence. Stevens has previously been convicted of manslaughter, hindering a witness (related to a killing by a co-defendant); felony escape, and mailing threats. In the facts at bar, an armed Stevens terrorized a community in a series of violent acts that culminated in his attempt to lure another citizen into the open so that he could shoot him. Thus, as in *Williamson,* the enhanced sentence is entirely consistent with the express intent of Congress that this statute apply where "a period of confinement longer than that pro-

vided for such felony is required for the protection of the public from future criminal conduct by the defendant." 18 U.S.C. § 3575. As this court stated with reference to *Williamson,* "we cannot say that the sentence ... imposed by the district court is unnecessary to accomplish the legislative purpose of § 3575." *Williamson, supra* at 616.

In short, after a review of the record, the briefs and oral arguments, we cannot say that the sentence imposed by the district court is disproportionate in severity to the maximum term otherwise authorized for the underlying felony.

Accordingly, both the conviction of the appellant and the sentence imposed under 18 U.S.C. § 3575 are affirmed.

AFFIRMED.