993 F.2d 1539
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Lenard Ray BEECHAM, Defendant-Appellee.
United States of America, Plaintiff-Appellee,
v.
Lenard Ray Beecham, Defendant-Appellant.
 Nos. 92-5147, 92-5399.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 4, 1993
Decided: June 2, 1993
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge; Franklin T. Dupree, Jr., Senior District Judge. (CR-91-84-5)
 John Fichter De Pue, Terrorism & Violent Crime Section, United States Department of Justice, Washington, D.C., for Appellant. Thomas Peter McNamara.
 Hafer, McNamara, Caldwell & Carraway, P.A., Raleigh, North Carolina, for Appellee.
 Margaret Person Currin, United States Attorney, Raleigh, North Carolina, for Appellant.
 E.D.N.C.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and POTTER, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 The United States appeals an order granting judgment of acquittal on five counts charging Lenard Ray Beecham with being an ex-felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of making a false statement in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6) (No. 92-5147). Beecham cross-appeals his conviction on five counts of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (No. 92-5399). We reverse the judgment of acquittal, affirm the judgment of conviction, and remand for further proceedings.
 
 
 2
 * Beecham was convicted of a felony in 1979 in the federal court for the Western District of Tennessee. After his release from prison, he and Anthony Lucas opened Eagle Auto Sales, a used car dealership, in Raleigh, North Carolina. The focus of the evidence at trial was on firearms sales by Beecham on the premises of the dealership during late 1990 and early 1991.
 
 
 3
 While working at the dealership in November, 1990, Beecham bought a 9 mm. semi-automatic pistol for $375 which he later sold to Lucas for $450. About this same time, he also sold a shotgun to Lucas for $300.
 
 
 4
 On December 22, 1990, Beecham purchased a .410 gauge shotgun from a licensed firearms dealer. On the required Bureau of Alcohol, Tobacco and Firearms (ATF) form, Beecham answered"no" to the question asking whether he had ever been convicted of a felony in any court.
 
 
 5
 On February 2, 1991, Clarence Jones, a customer at the dealership, told a salesman that he did not have the full price of a certain automobile on the lot, but that he did have a .44 magnum pistol that he was going to sell soon. The salesman said he knew someone who would be interested in the gun and went to speak with Beecham. When the salesman returned, he offered to include the gun in the down payment for the car. The car deal was not consummated, but the gun was sold for $350. Although the entire transaction took place between the Jones and the salesman, Jones signed a written agreement indicating that Beecham was the purchaser.
 
 
 6
 A few weeks later, ATF agent McAleer posed as a customer at the car dealership and told a salesman that he was interested in obtaining a .44 caliber revolver. The salesman replied: "I think he's still got a .44 that he still wants to sell." Beecham introduced himself to McAleer and they discussed the revolver. During the discussion, Beecham noted that he did a lot of gun business. McAleer bought the gun for $500.
 
 
 7
 On March 14, 1991, search warrants were executed at the dealership and at Beecham's home. A .45 caliber semi-automatic pistol was found in a zippered case in an employee's car on the lot, and a search of the office turned up a bill of sale evidencing the purchase of this pistol by Beecham in January, 1991. The search of Beecham's home revealed five firearms, including one that had been purchased by Beecham's wife.
 
 
 8
 Lucas testified that Beecham often traded guns and that he had seen Beecham involved in "maybe five" transactions in which cash was exchanged. Donnie Barbour, formerly a licensed gun dealer, testified that Beecham had showed him "quite a few" firearms and had asked about their value. Barbour also stated that Beecham said he sold guns for more than they were worth.
 
 
 9
 Beecham was found guilty by a jury of five counts of being an exfelon in possession of a firearm, one count of making a false statement in connection with the purchase of a firearm, and five counts of dealing in firearms without a license. An element of the felon-in-possession and false-statement crimes is that the defendant have a prior felony conviction, and the district court held that the State of Tennessee's restoration of Beecham's civil rights after the completion of his 1979 federal sentence nullified that conviction insofar as these charges were concerned. Accordingly, the district court granted Beecham's motion for judgment of acquittal on the felon-in-possession and false-statement counts, and the government appeals this ruling. Beecham's cross-appeal is grounded on his contention that he was not a "dealer" who was required to obtain a license under the statute of conviction.
 
 II
 
 10
 The issue raised in the government's appeal has been recently decided by this court in United States v. Jones, 92-5820 (4th Cir. May 24, 1993). In Jones, we held that a state's restoration-of-rights scheme does not nullify a prior federal conviction under the definition of predicate conviction in 18 U.S.C. § 921(a)(20). Beecham's 1979 conviction in federal court remains unaffected by Tennessee's, North Carolina's, or any other state's restoration-of-rights scheme for the purposes of these federal firearms statutes. Accordingly, we reverse the ruling of the district court dismissing thes 922(g)(1) and § 922(a)(6) convictions.
 
 III
 
 11
 In his cross-appeal, Beecham argues that the evidence was insufficient to support his convictions on the five counts of violating § 922(a)(1)(A) because his firearm-related activities did not rise to the level of a "business."* The statute of conviction, 18 U.S.C. § 922(a)(1)(A), reads in pertinent part:
 
 
 12
 (a) It shall be unlawful-
 
 
 13
 (1) for any person-
 
 
 14
 (A) except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport or receive any firearm in interstate or foreign commerce....
 
 
 15
 The definitions section, 18 U.S.C. § 921, provides in pertinent part:
 
 
 16
 (a) As used in this chapter-
 
 
 17
 (11) The term "dealer" means (A) any person engaged in the business of selling firearms at wholesale or retail,
 
 
 18
 * * * *
 
 
 19
 (21) The term "engaged in the business" means-
 
 
 20
 (C) as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but shall not include a person who makes occasional sales, exchanges or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.
 
 
 21
 * * * *
 
 
 22
 (22) The term "with the principal objective of livelihood and profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection ...
 
 
 23
 Beecham maintains that his firearms dealings were sporadic at most and that they did not rise to the level of "engaged in the business of selling firearms...." He fails to recognize that a sufficiency of evidence argument must proceed from the standpoint of viewing all the evidence in the light most favorable to the government and of giving the government the benefit of all reasonable inferences. Viewed thusly, the evidence is sufficient.
 
 
 24
 The government need not prove that a defendant's"primary business was dealing in firearms or that he necessarily made a profit from it." United States v. Masters, 622 F.2d 83, 88 (4th Cir. 1980). The government must show "a willingness to deal, a profit motive, and a greater degree of activity than occasional sales by a hobbyist." United States v. Huffman, 518 F.2d 80, 81 (4th Cir.), cert. denied, 423 U.S. 864 (1975). It is sufficient that the evidence supports an inference that dealing in firearms was a regular business to which the defendant devoted time and effort and from which he intended to obtain a profit. A brief review of the evidence demonstrates that Beecham's firearm-related activity was more than a hobby.
 
 
 25
 Lucas witnessed the defendant involved in about five cash transactions for guns. Barbour, a formerly licensed gun dealer, had been asked to appraise "quite a few" firearms for Beecham. Beecham himself told agent McAleer that he bought "a lot of guns." A former salesman at the dealership told McAleer that Beecham could get "a lot more guns," and he testified that "a lot of guns moved through [the dealership]." Beecham told Barbour that he always sold the firearms "for more than what they were worth." Notwithstanding Beecham's efforts to minimize the extent of his dealings, the evidence and the allowable inferences therefrom clearly supports the verdict.
 
 IV
 
 26
 In the government's appeal (92-5147), the judgment of the district court is reversed. In Beecham's appeal (92-5399), the judgment of conviction on counts 2, 6, 8, 9 and 10 is affirmed, and the sentence on these counts is vacated in order to allow the district court to determine the proper guideline sentence. The case is remanded with instructions to (1) reinstate the verdict and enter judgment of conviction on counts 1, 3, 4, 5, 7, and 11, and (2) resentence on all counts.
 
 
 27
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
 
 
 
 *
 Beecham concedes that no issue was raised below regarding the sufficiency of the evidence on the § 922(a)(1)(A) convictions, yet he contends that "the issue ... was properly before the District Court." Crossappellant's brief at 14. We have read the portions of the record cited by Beecham in support of this contention and are unable to discover any indication that this argument was raised below. In view of such a waiver, we will normally overturn the judgment of conviction only upon a finding of "manifest injustice." See United States v. Stevens, 817 F.2d 254, 255 n.1 (4th Cir. 1987). The government, however, has fully briefed the sufficiency issue, and we choose to rest our decision on this basis