14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Wayne MARTIN, Defendant-Appellee.
 No. 92-5458.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: Feb. 5, 1993.
Decided: Dec. 17, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.
 Robert A. Ford, Elrod & Lawing, P.A., for appellant.
 Robert H. Edmunds, Jr., U.S. Atty., Paul A. Weinman, Asst. U.S. Atty., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Jimmy Wayne Martin appeals from his jury conviction of counterfeiting twenty-dollar bills in violation of 18 U.S.C. Sec. 471 (1988). Because we find that the evidence was sufficient to support the jury's verdict and that the court properly sentenced him under the United States Sentencing Guidelines, we affirm his conviction and sentence.
 
 
 2
 Martin asserts that the district court erred in denying his motion for acquittal under Fed.R.Crim.P. 29 because the evidence was insufficient to support a counterfeiting conviction. He contends that the government's evidence did not establish that the documents he produced on a color copier bore a sufficient likeness to genuine United States currency.
 
 
 3
 In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). This Court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." Tresvant, 677 F.2d at 1021. This Court, however, does not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Circumstantial evidence "may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis of innocence." United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989).
 
 
 4
 Martin asserts that the bills he produced lacked the"similitude" to be considered counterfeit. A counterfeit bill must be an imitation or a "similitude" of actual United States currency. United States v. Smith, 318 F.2d 94, 95 (4th Cir.1963). This imitation must be of "such falsity ... as to fool an honest, sensible, and unsuspecting person of ordinary observation and care." Smith, 318 F.2d at 95 (quotations omitted); see United States v. Ross, 844 F.2d 187, 189 (4th Cir.1988) (applying the Smith definition to a Sec. 471 action). There was testimony at trial that a store clerk at a convenience store accepted three twenty dollar bills produced by Martin. Further, other bills were allegedly used in a narcotics transaction. Martin's product, while apparently poor by counterfeiting standards, still was accepted as actual federal reserve notes. Construing this evidence in the light most favorable to the prosecution, this testimony demonstrates that persons were sufficiently fooled for the bills to be counterfeit and to support the jury's verdict. Thus, the district court's conviction of Martin is affirmed.
 
 
 5
 Martin also asserts that the district court erred when it enhanced his sentence under section 2B5.1(b)(2) of the United States Sentencing Guidelines, which states:
 
 
 6
 If the defendant manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting, and the offense level as determined above is less than 15, increase to 15.
 
 
 7
 However, this enhancement "does not apply to persons who merely photocopy notes or otherwise produce items that are so obviously counterfeit that they are unlikely to be accepted even if subjected to only minimal scrutiny." United States Sentencing Guidelines, Guidelines Manual, Sec. 2B5.1(b)(2), comment. (n.3). Martin asserts that since all he did was photocopy twenty dollar bills, the district court improperly applied the enhancement to him.
 
 
 8
 Under 18 U.S.C.A. Sec. 3742(e) (West 1985 & Supp.1992), this Court must give due deference to the sentencing court's application of guidelines to the facts. The district court's decision to make an enhancement is reviewed under a sliding scale of deference. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). Where the issue is primarily factual, this Court uses a clearly erroneous standard; where the issue is more purely legal, the standard approaches de novo review. Id. Since application of section 2B5.1(b)(2) primarily involves consideration of a factual question, the standard of review in this Court is for clear error.
 
 
 9
 We find that the district court's enhancement of Martin's sentence was not clearly erroneous. Contrary to Martin's assertion, his conduct does not fall within an exception to this section for mere photocopying. The commentary to Sec. 2B5.1 also states that "[p]ossession of counterfeiting devices to copy obligations (including securities) of the United States is treated as an aggravated form of counterfeiting because of the sophistication and planning involved in manufacturing counterfeit obligations and the public policy interest in protecting the integrity of government obligations." U.S.S.G.Sec. 2B5.1 (backg'd). The district court found that Martin did not merely photocopy the federal reserve notes. We agree with the district court that Martin's acts were too planned to be mere photocopying. The evidence demonstrated that Martin took great pains to make the copies look real. Although Martin did not age the money, Martin copied the front side of the bills, aligned up the back side, and cut the bills. Martin also knew that the bills resembled actual currency, but he did not destroy all the notes. And, he acquiesced to his son's possession of the money. These acts illustrate that Martin understood that his conduct was illegal and more than mere photocopying. Therefore, we affirm the district court's sentence.
 
 
 10
 For these reasons, Martin's conviction and sentence are affirmed. We dispense with oral argument since the factual and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED