28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philip A. HOLMAN, Defendant-Appellant.
 No. 93-5881.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 29, 1994.
Decided: June 9, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-93-36)
 James O. Broccoletti, Kimberly L. Shoemaker, Zoby & Broccoletti, P.C., Norfolk, Va., for appellant.
 Helen F. Fahey, United States Attorney, Sherrie S. Hardwick, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 A jury convicted Philip A. Holman of possession with intent to distribute cocaine in violation of 21 U.S.C.A. Sec. 841(a)(1) (West 1981), (Count 1); possession with intent to distribute crack cocaine in violation of 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(A)(iii) (West 1981 & Supp.1994), (Count 2); and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994), (Count 3). He now appeals and argues that the district court erred in denying his Fed.R.Crim.P. 29 motion for judgment of acquittal on Counts 2 and 3.* We disagree and affirm.
 
 
 2
 We review a denial of a motion for acquittal under a sufficiency of evidence standard. Fed.R.Crim.P. 29; see United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 3
 Count 2 of the indictment charged possession with intent to distribute crack cocaine. The essential elements of this crime are proof of possession of the controlled substance both knowingly and intentionally with the intent to distribute. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir.1993), petition for cert. filed, --- U.S.L.W. ---- (U.S. Mar. 2, 1994) (No. 93-8210). Possession may be actual or constructive. Constructive possession may be established by circumstantial or direct evidence and exists when the Government shows ownership, dominion, or control over the drug or the vehicle in which it was concealed, id., and knowledge of its presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992). Ownership and control of a vehicle must be viewed in the context of the surrounding circumstances. See United States v. Iafelice, 978 F.2d 92, 97 (3d Cir.1992) (citing United States v. Anchondo-Sandoval, 910 F.2d 1234, 1236 (5th Cir.1990) ("In sum, knowing possession can be inferred from the defendant's control over the vehicle in which the illicit substance is contained if there exists other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge.")). An individual's intent to distribute may be inferred from quantities of drugs too large for personal consumption. Nelson, 6 F.3d at 1053.
 
 
 4
 Testimony at trial disclosed that Holman owned and operated the car in which the officers found the crack cocaine. A police officer testified that when he inspected Holman's car for forced entry and discovered the gun under the driver's seat, he did not notice a cassette case in the back floorboard under the passenger's seat which contained the crack cocaine. He acknowledged that it could have been in the car because he was looking for more weapons. The car appeared to be secure with the windows closed. Although the outside key lock on the passenger side was missing, the door could still be locked. Holman claims that his passenger, the co-owner of the car, or the men milling around Holman's car could have put the crack cocaine in his vehicle. However, circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989). Therefore, because Holman had dominion and control over the vehicle in which crack cocaine was found, a reasonable jury could have found knowledge and possession.
 
 
 5
 Further, Holman's intent to distribute can be inferred from the seventy-nine grams of crack cocaine found in his car. In Bell, this Court concluded that thirteen and one-half grams of crack cocaine was sufficient to support an inference of intent to distribute. Bell, 954 F.2d at 235. Officers recovered two weapons, ammunition, and a cellular phone from Holman's car and a pager from Holman's person. A narcotics trafficking expert testified that these items are consistent with drug dealing activities, that the amount of crack cocaine was consistent with distribution, and that it is not unusual for dealers to carry more than one form of cocaine. Taken as a whole, these facts are sufficient for a reasonable jury to find that Holman intended to distribute the crack cocaine and, therefore, constructively possessed it.
 
 
 6
 Accordingly, we affirm Holman's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Holman's motion for judgment of acquittal in the district court challenged only Count 2. We will not ordinarily consider an issue not raised in the district court. See United States v. Davis, 954 F.2d 182, 187 (4th Cir.1992). Accordingly, we decline to review his appeal with regard to Count 3 because no manifest miscarriage of justice will result. See United States v. Stevens, 817 F.2d 254, 255 n. 1 (4th Cir.1987)