UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4373

EDWARD THOMAS ILLSLEY, a/k/a
James H. Jenkins,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-354)

Submitted: January 19, 1999

Decided: August 16, 1999

Before WIDENER and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Paul Gregorio, Richmond, Virginia; Russell Allen, Richmond, Virginia, for Appellant. Helen Fahey, United States Attorney, Sara E. Flannery, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward Thomas Illsley was convicted by a jury of two counts of possession of counterfeit securities in violation of 18 U.S.C. § 513(a) (1994), one count of production of a false identification document in violation of 18 U.S.C.A. § 1028(a)(1) (West Supp. 1998), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1998). He was sentenced to a thirty-seven month term of imprisonment. He appeals both his conviction and his sentence. Finding no reversible error, we affirm.

Illsley and his wife co-owned a second-hand store. A customer purchased from their store a luggage set that had belonged personally to the Illsleys. After returning home, the woman found in the luggage what appeared to be American Express Travelers Checks and a Maryland driver's license in the name of James Heath Jenkins but with Illsley's photograph. She contacted law enforcement authorities who determined that the travelers checks were counterfeit and the driver's license was not authentic. Pursuant to a search warrant the authorities searched Illsley's home and located additional counterfeit travelers checks, some of which had been initially endorsed in the name of James H. Jenkins; additional false identification documents in the name of James H. Jenkins, such as a social security card and birth certificate; computer equipment; and, in a master bedroom nightstand, a handgun.

Illsley argues that the evidence was insufficient to convict him. In reviewing for sufficiency of the evidence, the standard normally employed by this court is whether the evidence was "sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see Glasser v. United States, 315 U.S. 60, 80 (1942). The evidence is viewed in the light most favorable to the gov-

2

ernment. See id. However, if at trial the defendant did not move for judgment of acquittal under Fed. R. Crim. P. 29,"our examination is technically limited to determining whether or not manifest injustice would occur." United States v. Stevens, 817 F.2d 254, 255 n.1 (4th Cir. 1987) (citation omitted). The Government indicates that Illsley did not file a Rule 29 motion, and neither the record nor Illsley's brief suggests that the Government's assertion is incorrect. (Appellee's Br. at 6 n.3). Therefore, our review is limited to whether there was so little evidence to support Illsley's conviction that it is manifestly unjust.

Illsley alleges that the evidence was insufficient to establish intent to deceive, an essential element of his conviction under § 513(a). However, the Government established that Illsley had created several counterfeit travelers checks, some of which had been initially endorsed with the name of James H. Jenkins. Illsley possessed a fraudulent driver's license, birth certificate, and social security card, all in the name of James H. Jenkins. We find that a conviction based on this evidence is not manifestly unjust. See United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989) (finding that circumstantial evidence need not exclude every reasonable hypothesis of innocence).

Illsley next alleges that the Government failed to establish that the travelers checks Illsley produced were of sufficient quality to pass as counterfeit.* However, there was testimony at trial that counterfeit instruments of the same quality as Illsley's are accepted in trade. Further, the customer who found the travelers checks did not realize they were counterfeit. We find that Illsley's conviction based on such evidence is not manifestly unjust.

_____

*Illsley relies on two cases in which this court found, as a matter of law, that the instruments were not counterfeit because they were of such poor quality that a reasonable person would not accept them as genuine. See United States v. Ross, 844 F.2d 187, 190 (4th Cir. 1988); United States v. Smith, 318 F.2d 94, 95 (4th Cir. 1963). However, the securities in Ross and Smith were crude photocopies of U.S. currency, whereas Illsley's imitations were produced by relatively sophisticated computer equipment. Whether the instruments in this case were counterfeit was a question properly given to the trier of fact.

3

Illsley also disputes the finding that he knowingly"produced" a false driver's license. See 18 U.S.C. § 1028(a)(1). He contends that the Government merely established that he possessed false identification documents. We do not agree. The evidence at trial established that Illsley possessed a valid drivers license, with the name and photograph of Jamal Jenkins Heath. The evidence also established that there were two imitation drivers licenses with Illsley's photograph, but the name of James Heath Jenkins; one was found in the luggage, a second was found in Illsley's house. A rational trier of fact could conclude based on such evidence that Illsley participated in producing the fraudulent drivers licenses; therefore, his conviction for violating § 1028(a)(1) was not manifestly unjust.

Illsley challenges his conviction for possession of a firearm by a convicted felon by arguing that the Government failed to establish that Illsley possessed the gun found in the bedroom nightstand. Illsley contends that the gun belonged to his wife. However, even if the gun belonged to Illsley's wife, it was kept in the bedroom they shared. Constructive possession exists when "the defendant exercised, or had the power to exercise, dominion and control over the item." United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). Constructive possession may be shown by circumstantial evidence. See United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-6989). We find that it was not manifestly unjust for the jury to find that Illsley constructively possessed a firearm.

Finally, Illsley alleges that the district court erred in applying a two-level sentence enhancement for "more than minimal planning" under U.S. Sentencing Guidelines Manual§ 2F1.1(b)(2)(A) (1997). The district court's determination is a factual determination reviewed for clear error. See United States v. Withers , 100 F.3d 1142, 1147 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3631 (Mar. 17, 1997) (No. 96-7884). Illsley produced over fifty counterfeit American Express Travelers Checks, some of which had been initially endorsed in the name of James H. Jenkins. Illsley had also created several false identification documents in the name of James H. Jenkins. We find that the district court did not clearly err when it determined that Illsley engaged in more planning than is typical to commit counterfeiting in a simple form. See USSG § 1B1.1, comment. (n.1(f)).

4

Accordingly, we affirm Illsley's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5