**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4217

WILLIE EDWARD DOUGLAS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-98-495)

Argued: November 30, 1999

Decided: May 5, 2000

Before WIDENER and WILLIAMS, Circuit Judges, and
Samuel G. WILSON, Chief United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Benjamin Thomas Stepp, Assistant Federal Public
Defender, Greenville, South Carolina, for Appellant. David Calhoun
Stephens, Assistant United States Attorney, Greenville, South Caro-
lina, for Appellee. **ON BRIEF:** J. Rene Josey, United States Attor-
ney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Defendant Willie Edward Douglas appeals the district court's judg-ment and denial of his motion to withdraw his guilty plea. Because we find that the defendant has credibly asserted his legal innocence, we vacate the conviction and order that the defendant be discharged.

The facts material to this appeal are not in dispute. On June 17, 1998, Spartanburg County deputies arrested defendants Willie Edward Douglas and Arthur Lee O'Neal after being notified that they were attempting to pass counterfeit currency. A consent search of the vehicle that the defendants were in revealed a notebook containing two sheets of 8 by 11-inch white paper with a black and white photo-copy, on one side of the white paper, of the front of a $10.00 bill, $20.00 bill, and two $100.00 bills. The reverse sides of the sheets were blank. A federal grand jury subsequently indicted the defendants for possession of counterfeited Federal Reserve Notes.

An attorney was appointed to represent Douglas. On October 29, 1998, Douglas pleaded guilty to the indictment. [1] At that hearing, the court read the indictment to Douglas and stated the elements of the offense. Douglas acknowledged that he understood the offense and signed the plea. The court then directed the government to present the facts leading to the arrest and indictment of the defendant. Douglas indicated he agreed with the government's summary of the facts and that he was guilty.

Shortly after the guilty plea of Douglas, his attorney found out about the Ross case[2] subsequently discussed. On January 12, 1999, he

_____

[1] On November 19, 1998, O'Neal was found not guilty by a jury.

[2] **United States v. Ross**, 844 F.2d 187 (4th Cir. 1988).

2

brought the matter to the attention of the court by moving to withdraw Douglas' plea of guilty based on the Ross decison.

After a hearing on the motion on February 17, 1999, the district court denied Douglas's motion to withdraw his plea of guilty. On March 8, 1999, Douglas filed a motion to reconsider his motion to withdraw his guilty plea. The district court denied this last motion on March 12, 1999, and on March 16, 1999 sentenced Douglas to serve six months in the custody of the Bureau of Prisons followed by a three-year term of supervised release.

Douglas appeals the conviction. He asserts that the district court erred in denying his motion to withdraw his guilty plea. We review a district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion. United States v. Wilson , 81 F.3d 1300, 1304 (4th Cir. 1996).

As we stated in United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997), "if the evidence presented is sufficient to demonstrate that the defendant committed the elements of the charged offense, acceptance of the plea clearly does not constitute an abuse of discretion." This language requires the necessary inference that if an insufficient factual basis for essential elements of the charge was not shown, the acceptance of a plea by the district court constitutes an abuse of discretion. See 1A Charles Alan Wright, Federal Practice and Procedure § 1761 at 208 (3d ed. 1999).

To be found guilty under 18 U.S.C. § 472, a defendant must have had "(1) [p]ossession and (2) [i]ntent to defraud the United States or, indeed, anyone . . . [and (3)] a counterfeited obligation of the United States." United States v. Ross, 844 F.2d 187, 189 (4th Cir. 1988). In Ross, the district court convicted the defendants for violating 18 U.S.C. § 472 when they possessed a black and white photocopy of the face of a United States one dollar bill. Ross , 844 F.2d at 188.

The first paragraph of Ross is a summary of that case and is worth repeating:

> This appeal presents the question of whether a black and white photocopy of the face of a United States one dollar

3

> bill when inserted into a coin change machine to obtain United States coins is "a counterfeit obligation of the United States" within the purview of Title 18 Sections 471 and 472 of the United States Code. We conclude that such a crude reproduction of only one side of a bill is not counterfeit, and we reverse the appellants' convictions.

Ross, 844 F.2d at 188. We reversed the district court in Ross upon finding that the bills were "patently fake and[could not] fool `an honest, sensible and unsuspecting person of ordinary observation and care.'" Ross, 844 F.2d at 190. We held that "such a crude reproduction of only one side of a bill is not counterfeit." Ross, 844 F.2d at 188.

The facts and issues in Ross are indistinguishable from those in this case. As in Ross, the defendant merely possessed black and white photocopies of the face of United States bills that were far too crude to constitute counterfeit notes. Thus, under Ross, this defendant did not satisfy the requisite elements of the crime charged under 18 U.S.C. § 472 through a guilty plea, and the district court abused its discretion by not allowing a withdrawal of the guilty plea for that offense.

We are of opinion that Douglas had a fair and just reason to withdraw his plea under Federal Rule of Criminal Procedure 32(e) and hold that the district court abused its discretion in not allowing him to withdraw his guilty plea.**3** Further, because we find the Ross decision to be on all fours with the facts of this case, the defendant could not be found guilty under 18 U.S.C. § 472. As such, we vacate the defendant's conviction and require that the defendant be discharged.

_____

**3** Under Federal Rule of Criminal Procedure 32(e), if a defendant makes a motion to withdraw a guilty plea before sentence is imposed, the court may permit the plea to be withdrawn if the defendant provides a "fair and just reason" to do so. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (quoting Fed. Rul. Crim. P. 32(d)). In this case, the defendant has provided a fair and just reason to withdraw his plea by credibly asserting his legal innocence. Moore, 931 F.2d at 248.

4

Accordingly, the conviction is vacated and the case remanded with instructions to discharge Douglas.

<u>VACATED AND REMANDED WITH INSTRUCTIONS</u>[4]

_____

[4] Accord, <u>Ross</u>, 844 F.2d at 191.

5